UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KAY ELAINE HAMRICK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **Civil Action No. CV-05-S-878-NE** |
| | ) |
| **PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; HEALTHCARE AUTHORITY OF CITY OF HUNTSVILLE d/b/a HUNTSVILLE HOSPITAL SYSTEM,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION**

Plaintiff Kay Elaine Hamrick, who is a resident of Alabama, commenced this action in the Circuit Court of Jackson County, Alabama, on April 6, 2005. She named as defendants her employer, Healthcare Authority of the City of Huntsville d/b/a Huntsville Hospital System ("Huntsville Hospital"), and Provident Life and Accident Insurance Company ("Provident"), the provider of the disability insurance policy plaintiff purchased through Huntsville Hospital.[1] Plaintiff asserts claims of fraud, suppression of material facts, unjust enrichment, and conversion against both Huntsville Hospital and Provident. In addition, she asserts claims of breach of

---

[1] *Id.* at ¶ 2.

contract and bad faith failure to pay insurance benefits against Provident alone.[2] All of plaintiff's claims arise out of Provident's decision to deny plaintiff's claim for Long-Term Disability benefits under the terms of her policy.[3]

Defendants jointly removed the action to this court on April 25, 2005, based upon diversity jurisdiction.[4] *See* 28 U.S.C. § 1331(a). In the notice of removal, defendants asserted that Huntsville Hospital, an entity which is also a resident of Alabama, was fraudulently joined as a defendant.[5] The court ordered plaintiff to respond to defendants' allegations of fraudulent joinder.[6] Plaintiff complied on May 13, 2005, and also filed a motion to remand this action to state court, contesting defendants' assertion that Huntsville Hospital was fraudulently joined.[7] That motion presently is before the court.

## I. STANDARD OF REVIEW

Federal District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."

---

[2] Doc. no. 1 (Notice of Removal), at Exhibit A (Complaint).

[3] *See* Complaint.

[4] *See* doc. no. 1 (Notice of Removal) at ¶ 3.

[5] *See id.* at ¶ 4.

[6] *See* doc. no. 5 (Order to Respond).

[7] Doc. no. 9 (Plaintiff's Response to Court's Query Regarding Subject Matter Jurisdiction); Doc No. 10 (Motion to Remand).

*University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*, 168 F.3d at 409-10). Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II. DISCUSSION

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": that is, for the purpose of defeating federal jurisdiction. *See, e.g.*, *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97 (1921) (holding that a diverse defendant's "right of removal

cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983) (*superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989)).

The filing of a frivolous or other illegitimate claim against a non-diverse defendant is fraudulent joinder, and a district court may disregard the citizenship of such defendants when assessing the existence of "complete diversity." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[8] The doctrine of fraudulent joinder thus is an exception to the requirement that parties be completely diverse, and provides that an action may be removed from state court, despite a lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at

---

[8]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

1287; *see also, e.g.*, *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility plaintiff can establish a cause of action against the resident defendant; or (2) plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

Defendants rely on the first ground to support their allegation of fraudulent joinder, stating that there is no possibility plaintiff can establish a cause of action against the resident defendant, Huntsville Hospital. Under this standard,

> "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (*per curiam*) (emphasis in original).

The burden of proving fraudulent joinder rests with the removing defendant. *See Coker*, 709 F.2d at 1440. The claim must be supported by clear and convincing

evidence. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962)[9]. When determining whether a defendant has been fraudulently joined, the court must examine plaintiff's pleadings on the date the notice of removal was filed, although it also may consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco De Perez*, 139 F.3d at 1380. However, the "jurisdictional inquiry 'must not subsume substantive determination.'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F. 3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)[10]).

It follows from the foregoing propositions that a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Coker*, 709 F.2d at 1440-41 ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must*

---

[9]*See supra* note 8.

[10]While decisions of the "Unit A" panel of the former Fifth Circuit entered after October 1, 1981 are not binding precedent in the Eleventh Circuit, such decisions are, nevertheless, "persuasive." *United States v. Chapman*, 866 F.2d 1326, 1332 (11th Cir. 1989) (citing *Matthews v. United States*, 713 F.2d 677, 683 n.1 (11th Cir. 1983), and *Stein v. Reynolds Securities, Inc.* 667, F.2d 33, 34 (11th Cir. 1982)).

*find* that joinder was proper and remand to that state court.") (emphasis supplied).

Applying the preceding principles, this court concludes that there is a possibility that a state court would find that plaintiff states a colorable claim against Huntsville Hospital for fraudulent misrepresentation and suppression. In order to state a claim for fraudulent misrepresentation under Alabama law, a plaintiff must demonstrate: "(1) a false misrepresentation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and (4) damage to the plaintiff as a proximate result of the false representation." *Dickenson v. Moore,* 468 So. 2d 136, 137-38 (Ala. 1985). These elements must be proven regardless of whether the misrepresentation was intentional, because under Alabama law "[a]n innocent misrepresentation is as much a legal fraud as an intended misrepresentation." *Gudgeons v. Realty Sales & Mortgage,* 675 So. 2d 441, 443 (Ala. Civ. App. 1996). *See also Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So. 2d 1288, 1291 (Ala. 1993) (discussing negligent misrepresentation); *Burlington Northern R. Co. v. Warren,* 574 So. 2d 758, 766-67 (Ala. 1990) (discussing reckless misrepresentation).

In addition, to establish a claim for fraudulent suppression under Alabama law, a plaintiff must demonstrate: "(1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of a confidential relationship between the parties or the circumstances of the case and (4) which caused injury as

a proximate consequence." *Applin v. Consumers Life Insurance Co.,* 623 So. 2d 1094, 1098 (Ala. 1993), *overruled on other grounds by Boswell v. Liberty National Life Insurance Co.,* 643 So. 2d 580 (Ala. 1994).

Defendants argue that plaintiff cannot prevail on her fraud claims against Huntsville Hospital because she failed to plead those claims with the level of particularity required by Alabama Rule of Civil Procedure 9(b).[11]  Defendants, however, misstate the applicable standard.  It is not sufficient for defendants to show, as they have attempted to do here, that plaintiff *did not* state a claim against Huntsville Hospital; instead, defendants must satisfy the heavier burden of showing that plaintiff *cannot possibly* state a claim against that defendant.  *See Crowe*, 113 F.3d at 1538.  Thus, a mere deficiency in plaintiff's pleading against Huntsville Hospital — a deficiency that could be cured by a more definite statement — does not necessarily establish fraudulent joinder, as long as plaintiff has the *possibility* of stating a *colorable* cause of action against that defendant.

As presented to the court, plaintiff's complaint states *colorable* fraud claims against Huntsville Hospital.  Plaintiff alleges that Huntsville Hospital misrepresented her eligibility for continued disability insurance benefits, and that she relied on the

---

[11]Doc. no. 12 (Defendant's Opposition to Plaintiff's Motion to Remand and Reply to Plaintiff's Response to Pending Motions to Dismiss), at 16-17.

misrepresentation to her detriment.[12] She also alleges that Huntsville Hospital suppressed from her the basis upon which the disability determination would be made.[13] Finally, she alleges that she was damaged by Huntsville Hospital's fraudulent misrepresentation and suppression.[14]

It is irrelevant whether these claims are stated with the particularity required by Rule 9(b).[15] Such precision in pleading is not required for the fraudulent joinder analysis, because plaintiff could cure any defect in her pleadings by filing an amended complaint.[16] *See Waterloo Coal Co. v. Komatsu Mining Systems, Inc.*, No. C2-02-560, 2003 WL 124137, at *4 (S.D. Ohio Jan. 9, 2003) (holding that the plaintiff's failure to plead with particularity did not equal the failure to state a colorable claim for fraud because the state court would likely give leave to amend the pleading and delay "resolution of the issue until after the amended pleading is filed"); *Momans v. St. John's Northwestern Military Academy, Inc.,* No. 99-C-8510, 2000 WL 33976543, at *5 (N.D. Ill. Apr. 20, 2000) ( "a failure to adequately plead fraud

---

[12]*Id.* at ¶ 18.

[13]See Complaint at ¶¶ 18, 22.

[14]*Id.* at ¶¶ 20, 25.

[15]If the court *were* deciding the issue, it would likely conclude that the requirements of Rule 9(b) have not been satisfied, as plaintiff has failed to identify the "time, place, the contents or substance of the false representations, the fact misrepresented and identification of what has been obtained." *Alabama Rules of Civil Procedure* 9(b) (Committee comments); *see also Mays,* 853 F.Supp at 1389.

against the individual defendant does not necessarily lead to the conclusion that there is no reasonable possibility that plaintiffs can state a claim against the individual defendants"); and *Boydstun Metal Works, Inc. v. Parametric Technology Corp.,* No. CIV. 99-480-AS, 1999 WL 476265, at *3 (D. Ore. May 19, 1999) ("the fact that plaintiff may have alleged its fraud claims too generally [did] not mean that plaintiff [was] *unable* to state a fraud claim against the individual defendants . . . [Rule 9(b)] is not relevant in determining whether a plaintiff *could* allege a valid fraud claim") (emphasis supplied).[17]

Defendants argue that no amendments should be allowed, and that fraudulent joinder should be found simply because plaintiff failed to satisfy the pleading requirements of Alabama Rule of Civil Procedure 9(b).[18] However, the only authority cited by defendants to support this proposition is distinguishable. In those cases, the courts did not find fraudulent joinder simply because pleading particularity requirements were not satisfied; instead, the courts found fraudulent joinder because the plaintiffs had *no possibility* of stating a valid cause of action, even if future

---

[17]The cases cited in the text accompanying this footnote all were entered in jurisdictions where the fraudulent joinder standard is similar to that espoused by the Eleventh Circuit. *See e.g., Boladian v. UMG Recordings, Inc.,* 123 Fed.Appx. 165 (6th Cir. 2005); *LeBlang Motors, Ltd. v. Subaru of America, Inc.,* 148 F.3d 680, 690 (7thCir. 1999); *Boydstun Metal Works, Inc. v. Parametric Technology Corp.,* No. CIV. 99-480-AS, 1999 WL 476265, at *3 (D. Or. May 19, 1999) (citing authority from 9th, 3rd ,and 11th Circuits).

[18]Doc. no. 12 (Defendant's Opposition to Plaintiff's Motion to Remand and Reply to Plaintiff's Response to Pending Motions to Dismiss), at 6-8.

amendments were allowed. *See e.g., Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 400 (S.D. W.Va. 2004) (finding fraudulent joinder because no amendment could cure the fact that the plaintiff had never had contact with the resident defendants; and accordingly, could not have been defrauded by the resident defendants); *Driskill v. Great Southern Life Ins. Co.*, No. Civ. A 3:03-CV-0857D, 2003 WL 23318664, at *4 (W.D. Tex. Aug. 22, 2003) (finding fraudulent joinder because no amendment would have cured the fact that the resident defendant had never met the plaintiff or had any interaction with him whatsoever); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp 1213, 1221 (S.D. Ala. 1998) (finding fraudulent joinder when plaintiff had *no possibility* of stating a valid fraud claim, because the plaintiff would *never* be able to develop sufficient facts to support the claim).[19]

---

[19]Defendant also argues that no amendments should be allowed, and that this court should not be concerned with the manner in which an Alabama state court would approach a plaintiff's failure to satisfy Rule 9(b) requirements. This argument is unavailing, because

> [e]ven though the Alabama Rules of Civil Procedure are not binding on this court, the fraudulent joinder test requires the federal courts to determine whether is a possibility that a state court would find that a complaint states a cause of action against a resident defendant. *See Coker*, 709 F.2d at 1440. Because this test requires the court to view pleadings from the viewpoint of a state court, the court, as a matter of obiter dictum *[sic]*, will consider Alabama's Rule 9(b) along with federal Rule 9(b).

*Mays v. United Insurance Co. of America*, 853 F. Supp. 1386, 1388 (M.D. Ala. 1994). Accordingly, the manner in which the state court would handle the 9(b) deficiencies should be considered in deciding the motion before this court. In the present case, it is likely that the state court would allow plaintiff the opportunity to amend her complaint before dismissing claims against Huntsville

Additionally, the court is not persuaded by defendants' argument that for Huntsville Hospital to have "misrepresented eligibility or suppressed the basis for denial, it would have necessarily had to know Provident's decision in advance."[20] It is not necessary for Huntsville Hospital to have intentionally misrepresented or suppressed facts from plaintiff in order to sustain a possible fraud claim against defendant; innocent misrepresentation is just as much a legal fraud as intentional misrepresentation. *See Gudgens,* 675 So.2d at 443. Further, defendants have produced no evidence that Huntsville Hospital did *not* know the decision Provident would make, or that Huntsville Hospital did *not* give plaintiff incorrect information about eligibility and basis for denial of benefits.

### III. CONCLUSION

Defendants have not met their heavy burden of showing by clear and convincing evidence that there is no possibility that plaintiff can prove a claim of fraudulent misrepresentation or suppression against the resident defendant Huntsville Hospital.[21] Accordingly, Huntsville Hospital was not "fraudulently joined", and

---

Hospital. *See, e.g., Smith v. National Sec. Ins. Co.,* 860 So.2d 343 (Ala. 2003)(allowing plaintiff opportunity to amend her complaint to include the missing dates before ruling on defendant's motion to dismiss).

[20]Doc. no. 12 (Defendant's Opposition to Plaintiff's Motion to Remand and Reply to Plaintiff's Response to Pending Motions to Dismiss), at 16.

[21]For the fraudulent joinder analysis, the court must only decide whether plaintiffs have possibly stated a *single* cause of action against any one of the non-diverse defendants. Thus, the

complete diversity of citizenship has not been established. Because there is no federal jurisdiction, this action will be remanded to state court. An appropriate order will be entered contemporaneously herewith.[22]

DONE this 26th day of July, 2005.

/s/ Lynwood Smith
_____
United States District Judge

---

court will not address the merits, or possible merits, of any of the plaintiff's other claims.

[22]Because there is no federal jurisdiction, the court will not consider any of the other pending motions in this case.